UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>STATE OPERATED SCHOOL DISTRICT<br>FOR THE CITY OF PATERSON; and<br>MONICA FLOREZ,<br><br>　　　　　　Defendants. | Civil Action No: _____<br><br>*Electronically Filed*<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants State Operated School District for the City Of Paterson ("PPS"); and Monica Florez, by and through their undersigned attorneys, hereby remove the above-captioned matter from the Superior Court of New Jersey, Law Division, Passaic County, to the United States District Court for the District of New Jersey. Removal is proper based on the following.

**THE COMPLAINT, AMENDED COMPLAINT, AND ORDERS**

Preliminarily, 28 U.S.C. § 1446(a) requires that copies of "all process, pleadings and orders received by" the defendant be provided; they are all provided in the attached exhibits.

The removing plaintiff Lekeysha Alston-Page, through her prior counsel, commenced a civil action in the Superior Court of New Jersey, Law Division, Bergen County, by filing a complaint on or about January 22, 2019 which was served on defendants with the summons on or about January 29, 2019 by using a process server. Exhibit A sets forth a true copy of all process and pleadings received on that date.

On March 30, 2021 plaintiff Lekeysha Alston-Page served, through her current counsel, an amended complaint by email. Exhibit B sets forth a true copy of the amended complaint,

including a copy of the cover email.  The amended complaint had been e-filed by plaintiff's prior counsel on April 29, 2019, prior to the appearance of any counsel for the defendants, and had not previously been served on the defendants.

As to the orders entered, on June 7, 2019, the Bergen County court entered an order (Exhibit C) transferring the case to the Passaic vicinage.  Exhibits D through J set forth the additional orders entered, none of which appear potentially relevant to the jurisdictional and removal questions.

## NATURE OF CLAIMS AND THE BASIS FOR REMOVAL

In her original complaint, the plaintiff alleged that she was employed by the defendant PPS and suffered disability discrimination and failure to accommodate an alleged disability, citing the New Jersey Law Against Discrimination.  In her amended complaint served March 30, 2021, the plaintiff adds an independent allegation of violation of a federal regulation, that allegedly "defendants repeatedly failed to engage in the interactive process … found in 29 C.F.R. § 1630.2(o)(3)."  This allegation appears to present a sufficient federal question to invoke this Court's original jurisdiction under 28 U.S.C. § 1331.  This matter is therefore removable.

In addition, this notice of removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after March 30, 2021, the first date on which defendants were served with any pleading or other paper in this matter from which they could discern that this action is removable.  Although the amended complaint had been timely filed on a prior date, it had not been served on the defendants and had not been answered.  A later discovery of it by the defendants upon an inspection of the Bergen vicinage docket caused the defendants to note their position that it was not a governing document, resulting in plaintiff including it as an exhibit in opposition to a summary judgment motion.  The document was not served or otherwise

provided to defendants in a manner sufficient under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), to determine that plaintiff wanted to serve it. The plaintiff considered the matter for a period of time and then served it on March 30, 2021 (Exhibit B).

Finally, inasmuch as federal question jurisdiction is invoked, the one-year time limit pertaining to diversity-based removal does not apply.

## **VENUE**

The District of New Jersey is the proper venue for removal because this action is pending in the Superior Court of New Jersey, Law Division.

## **NOTICE**

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being efiled with the Passaic County vicinage and placed on the docket.

## **INTENT TO COMPLY WITH LOCAL RULE 5.2 FILING**

Defendants recognize their additional obligation set forth in Local Rule 5.2 to refile electronically in this Court all additional documents filed with the state courts. Inasmuch as the rule sets forth no specific deadline to comply with this requirement and the record is significant, defendants state their intent to comply within a reasonable time, likely not exceeding seven (7) days, of the filing of this Notice of Removal.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to defendants that should be joined in this action.

Dated:  April 29, 2021

CHARLES ALLEN YUEN, LLC
Attorneys for Defendants State Operated School District For The City of Paterson and Monica Florez

By: s/ Charles A. Yuen
CHARLES A. YUEN (007171993)
CHARLES ALLEN YUEN LLC
(Mail) 300 Main Street, Suite 21 PMB650
Madison, NJ 07940
Tel:  862.350.4244

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2021, I personally caused copies of the foregoing to be served on counsel of record for the plaintiff by email, with additional copies by filing through the New Jersey Judiciary's E-Filing system for the case, which notifies all counsel of record through their ECourts appearances and notifies the New Jersey state court of such filing, as well as by U.S. mail.

                                                          s/ Charles A. Yuen  
                                                          Charles A. Yuen