EXHIBIT A

LEGAL DEPT

RECEIVED

JAN 29 2019 AT 8:48

**KRUMHOLZ DILLON, PA**
**Attorneys at Law**
**574 Summit Avenue, Suite 402**
**Jersey City, NJ 07306**
**(201) 656-5232**
**(201) 656-7270 (Fax)**

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE, | SUPERIOR COURT OF NEW JERSEY |
| | COUNTY OF BERGEN |
| Plaintiff | LAW DIVISION |
| | |
| vs. | DOCKET NO.: BER-L-556-19 |
| | |
| STATE OPERATED SCHOOL DISTRICT | CIVIL ACTION |
| FOR THE CITY OF PATERSON, a body | |
| corporate and politic, and MONICA | |
| FLOREZ, individually | |
| | |
| Defendant | |

## SUMMONS

From the State of New Jersey
To the Defendants named above:

      State Operated School District for the City of Paterson, a body corporate and politic

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these office is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 23, 2019.

                                 MICHELLE M. SMITH, ESQ.
                                 SUPERIOR COURT CLERK

NAME OF DEFENDANT TO BE SERVED:
State Operated School District for the City of Paterson, a body corporate and politic
Address of the Defendant to be served:
90 Delaware Avenue
Paterson, NJ 07503
* $105.00 For Chancery Division Cases or
  $110.00 For Law Division Cases

Paula M. Dillon, Esq. #001691992
**GOLDMAN DAVIS KRUMHOLZ & DILLON, PC**
**574 Summit Avenue, Suite 402**
**Jersey City, NJ 07306**
**(201) 656-5232**
**Attorneys for Plaintiff**

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | LAW DIVISION |
| | COUNTY OF BERGEN |
| vs. | DOCKET NO.: |
| STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF PATERSON, a body Corporate and Politic, and MONICA FLOREZ, individually, | CIVIL ACTION |
| Defendant(s) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Lekeysha Alston-Page, residing at 430 Washington Avenue, 2nd Floor, Hackensack, NJ 07601, complaining of the Defendants, says:

## FIRST COUNT
## DISABILITY DISCRIMINATION

1. Plaintiff, Lekeysha Alston-Page, is a 41 year old female who was employed by defendant Paterson Public Schools for approximately 14 years, from approximately April 2004 until the termination of her employment on or about October 15, 2018.

2. Defendant, State Operated School District for the City of Paterson, a body corporate and politic, located at 90 Delaware Avenue in Paterson, New Jersey, was at all times relevant to the within matter, plaintiff's "employer" as that term is defined under the New Jersey Law Against Discrimination (NJ LAD), N.J.S.A. 10:5-1 *et.seq.*

3. Individual defendant, Monica Florez, was at all times relevant to the within matter, the Principal of P.S. #30/Martin Luther King Jr. Educational Complex located at 851 E. 289th St., in Paterson, New Jersey.

4.   Ms. Alston-Page was employed by defendant as a Para Professional and Character Education Teacher and performed her job in accordance with the expectations of her employer.

5.   The last assignment Ms. Alston-Page had for the 2018-2019 school year was working at the Dr. Martin Luther King Elementary School (school #30) located at 851 E. 28th Street in Paterson, New Jersey.

6.   In the Spring of 2017, Plaintiff underwent shoulder surgery as result of a car accident in June 2016 where she sustained injuries to her neck, back and leg and herniated discs.

7.   In September 2017, Ms. Alston-Page was given a 504 ADA accommodation which involved a transfer from the Panther Academy, a high school, to School #30, after suffering from anxiety attacks due to the exposure to rats in that building.

8.   On or about September 6, 2018, Plaintiff was given a new assignment at School #30 as a one-on-one Personal Aide to a five year old male autistic student with significant behavioral issues, who on the first day of the assignment and thereafter, was physically aggressive toward Ms. Alston-Page which required physically restraining the child at times, and for which Plaintiff had not been properly trained.

9.   Ms. Alston Page made several documented complaints to the school district, including but not limited to the Chief Special Education Officer Cheryl D. Coy, Principal Monica Florez, and union representative Charles Ferrer, about her assignment and Plaintiff's belief that she was not properly trained to work as an aide to an autistic child, and that her continued exposure to this child was causing her physical and emotional harm.

10.   On or about September 12, 2018, Plaintiff requested a transfer to another position in the district.

11.   Ms. Alston-Page not only suffered physical injuries when she was bitten, scratched, spit at, and kicked by the child, which required a tetanus shot, but Plaintiff alleges she was improperly reprimanded on or about September 20, 2018, about a situation involving this same child, shortly after one of her complaints.

12.     On or about September 25, 2018, Plaintiff filed a grievance regarding her assignment to work with autistic student N.B. and stated that she had been "traumatized by the continuous assault experience every day...".

13.     On or about September 25, 2018, Plaintiff sought treatment at the Immedicenter in Totowa, New Jersey, with complaints of scratches received at work by a student and was given a tetanus booster at that time.

14.     Plaintiff returned to the Immedicenter on September 27, 2018, and again on October 1, 2018 at which time she complained of additional scratches and kicking from her student.

15.     On or about October 4, 2018, Ms. Alston-Page was taken by ambulance to St. Joseph's Hospital and placed out of work until October 15, 2018.

16.     On or about October 8, 2018, Plaintiff's doctor completed a 504 ADA Accommodation request which included a transfer from the assignment with triggering abusive exposures, as the then current assignment, would cause cardiovascular and neurologic complications, from hypertension and cervical radiculopathy.

17.     On or about October 10, 2018, Ms. Alston-Page was provided with a return to work note effective October 15, 2018 which she forwarded to the Union and the school, at which time she again inquired about an accommodation given her medical condition.

18.     On or about October 11, 2018, Ms. Alston-Page was required to undergo an evaluation or fitness for duty exam, with a doctor for the school district, Dr. Scott Coleman of Immedicenter Totowa, where Plaintiff complained of of anxiety symptoms manifested as chest pain, difficulty breathing, palpatations, elevated blood pressure, headaches, etc., as well as, physical strain stemming from pre-existing chronic neck and lower back pain due to herniated discs in both regions.  Dr. Coleman opined that Ms. Alston-Page had difficulty "both physically and mentally" with her job (as a Personal Assistant for NB), and recommended that the ideal solution would be for Ms. Alston-Page to be "...transfer[red] to another school...".

19.     At this time, Ms. Alston-Page also underwent an evaluation with her own doctor, Dr.

Marissa Ferrazzo-Weller, who agreed that Plaintiff's assignment should be changed.

20. On or about October 15, 2018, Ms. Alston-Page was informed that the Paterson Public Schools would not accommodate Plaintiff's request for an accommodation which involved a transfer to another assignment.

21. The plaintiff suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities which are recognized as such under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq.*.

22. Plaintiff was retaliated against and subject to an adverse employment action when defendants failed to accommodate plaintiff's request for a transfer to another facility and ultimately terminated her employment, and that such conduct constituted Disability Discrimination in violation of the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et.seq,* N.J.S.A. 10:5-4.1 et.seq.

23. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendants Disability Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq.* as follows: an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

## SECOND COUNT
## FAILURE TO ACCOMMODATE

Plaintiff repeats the allegations in the previous Count of the Complaint and incorporates same herein by reference and further says:

23.    The Plaintiff, Lekeysha Alston-Page, suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities  which are recognized as such under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 et. seq..

24.    The Plaintiff submitted medical documentation from her own doctor, as well as a fitness for duty exam, which requested an accommodation that included a transfer to another classroom due to the physical and emotional strain on the Plaintiff, due to her placement with a child with significant behavioral issues for which she had never been trained.

25.    That the request to for transfer amounted to a request for an accommodation based on Plaintiff's disabilities relating to anxiety disorder and herniated discs.

26.    That the defendants failed to place the Plaintiff in another classroom after over 14 years with the school district, and did terminate the plaintiff's employment which constituted a failure to accommodate as a form of disability discrimination in violation of the New Jersey LAD, N.J.S.A. 10:5- 1 et.seq.

27.    The plaintiff had been performing her job at a level that met her employer's expectations although she requested a reasonable accommodation.

28.    The plaintiff  suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities for which she requested an accommodation in the form of a transfer to another classroom, and which constitutes a request for an accommodation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 et. seq.

29.    That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to

sustain a loss of employment and income and was caused to sustain emotional and

psychological distress and harm, embarrassment and a continuous and permanent

interference with the prospect of future economic advantage and with the ability to obtain

future employment.

WHEREFORE, plaintiff demands judgment against any and all of said defendants, jointly

and individually, for harm suffered as a result of defendant's failure to accommodate as a form of

Disability Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-

1 *et. seq.* as follows:  an award of compensatory damages, including but not limited to, back pay and

benefits, front pay and benefits, consequential damages, punitive damages, emotional distress

damages, equitable  relief, prejudgment interest, attorney fees, cost of suit, and expenses with an

appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the

Complaint.

### THIRD COUNT
### NEW JERSEY LAW AGAINST DISCRIMINATION
### AIDING AND ABETTING

Plaintiff repeats the  allegations in the previous Counts of the Complaint and incorporates

same herein by reference and further says:

30.    Individual defendant, Monica Florez , is employed by the defendant as the Principal of

School #30/MLK and  a Supervisor of the Plaintiff and a member of upper management

with the authority to fire employees and control the Plaintiff's workplace.

31.    Upon information and belief, defendant Monica Florez terminated and or recommended

the termination of the Plaintiff from her employment on or about October 15, 2018.

32.    The acts of the individual defendant Monica Florez as described herein was committed

within the scope of her employment.

33.    Defendant State operated School District for the City of Paterson, a body corporate and

politic, delegated to individual defendant Monica Florez, the supervisory authority to

control the Plaintiff's workplace.

34. Defendant Monica Florez abused the authority delegated by defendant when she retaliated against the Plaintiff and altered the Plaintiff's workplace by terminating her employment based on her Disabilities and/or Request for an Accommation, in violation of the NJ Law Against Discrimination., N.J.S.A. 10:5-1 *et.seq.*

35. By engaging in this course of unlawful conduct, Monica Florez, knowingly gave substantial assistance and/or encouragement to defendant in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et.seq.*.

36. By virtue of the acts set forth in this complaint, defendant Monica Florez aided and abetted and/or attempted to aid and abet unlawful discrimination in violation of Plaintiff's rights secured under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*.

37. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendant's disability discrimination violation of the NJ Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.* as follows: an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expensess with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein pursuant to R.1:8-2(b) and R.4:35-1(a).

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

PURSUANT to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

## DEMAND FOR DOCUMENTS TO WHICH ANSWER REFERS

Pursuant to Rule 4:18-2, Plaintiff hereby demands that Defendant produce copies of each and every document or paper to which the Answer refers within five days after service of the Answer.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paula M. Dillon is hereby designated as trial counsel for Plaintiff in the within matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court or of a pending Arbitration proceeding.  Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated.  Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action.  In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION REGARDING PERSONAL IDENTIFIERS

Pursuant to Rule 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(c).

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendants should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this matter.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers.  To that end:

A.     The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files.  Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B.     The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data.  Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C      The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments, on any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

D.     The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

**GOLDMAN DAVIS KRUMHOLZ DILLON, P.A.**
**Attorneys for Plaintiff**

PAULA M. DILLON

BER-L-000556-19   01/22/2019 4:25:57 PM  Pg 1 of 1 Trans ID: LCV2019134187

# Civil Case Information Statement

### Case Details: BERGEN | Civil Part Docket# L-000556-19

**Case Caption:** ALSTON-PAGE LEKEYSHA  VS STATE
OPERATED SCHOO L D

**Case Initiation Date:** 01/22/2019

**Attorney Name:** ALAN L KRUMHOLZ

**Firm Name:** KRUMHOLZ DILLON, PA

**Address:** 574 SUMMIT AVENUE SUITE 402
JERSEY CITY NJ 07306

**Phone:**

**Name of Party:** PLAINTIFF : Alston-Page, Lekeysha

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/22/2019
Dated

/s/ ALAN L KRUMHOLZ
Signed

BER L 000556-19  01/23/2019 5:05:55 AM  Pg 1 of 1  Trans ID: LCV2019136067

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK          NJ 07601-7680
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  JANUARY 22, 2019
                    RE:    ALSTON-PAGE LEKEYSHA  VS STATE OPERATED SCHOO L D
                    DOCKET: BER L -000556 19

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ESTELA M. DE LA CRUZ

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     003
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: ALAN L. KRUMHOLZ
                         KRUMHOLZ DILLON, PA
                         574 SUMMIT AVENUE
                         SUITE 402
                         JERSEY CITY      NJ 07306

ECOURTS

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ
08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court
House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management
Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior
Court
Sussex County Judicial
Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior
Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-
6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior
Court
Civil Division, Court
House
413 Second Street
Belvidere, NJ 07823-
1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

EXHIBIT B

**Charles Yuen**

| | |
|---|---|
| **From:** | djackson dljlawgroup.com <djackson@dljlawgroup.com> |
| **Sent:** | Tuesday, March 30, 2021 5:32 PM |
| **To:** | Charles Yuen |
| **Cc:** | kkasiborski dljlawgroup.com; djackson dljlawgroup.com |
| **Subject:** | Amended Complaint |
| **Attachments:** | Amended Complaint.pdf |

Charles,

Please accept this as service of the amended complaint. This is the same amended complaint that was filed in this matter and included in the Plaintiff's exhibits for summary judgment.

Please confirm.

**Desha Jackson, Esq.**
Desha Jackson Law Group LLC, Attorney-At-Law



Office :7324146663 | Direct: 5868632683
200 Daniels Way, Suite 200
Freehold, NJ 07728
djackson@dljlawgroup.com
http://www.dljlawgroup.com

---

**From:** Charles Yuen <cyuen@cyuen-law.com>
**Sent:** Wednesday, March 24, 2021 4:30 PM
**To:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** RE: Emails

Actually, to be clear, I indicated that the amended complaint was not <u>served</u>. It was filed under the previous docket number one day before I filed the answer to the served complaint, but we never saw the amended complaint. At the time it was filed we had not yet appeared and so we did not get any automatic EService. Appearance follows the filing of an answer. Prior counsel might have assumed we got EService but that was not the case and I didn't see that it had been filed until we started preparing for the summary judgment motion and just happenstance read the prior docket

sheet. Prior counsel, if she thought it had been EServed, might have at least sent us a "courtesy copy" especially as time went by and she saw that no answer was filed.

---

**From:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Sent:** Wednesday, March 24, 2021 4:06 PM
**To:** Charles Yuen <cyuen@cyuen-law.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** Re: Emails

Ok. Yes I remember. You indicated that the complaint we used wasn't filed. I will look at the one we submitted with the summary Judgement opposition.

Desha Jackson, Esq.
Desha Jackson Law Group, LLC.
200 Daniels Way, Suite 200
Freehold, New Jersey, 07728
Phone: 732-414-6663
Fax: 732-414-6660
djackson@dljlawgroup.com
www.dljlawgroup.com
www.twitter.com/DLJESQ


Sent via the Samsung Galaxy Note10+,
an AT&T 5G Evolution capable smartphone
Get Outlook for Android

---

**From:** Charles Yuen <cyuen@cyuen-law.com>
**Sent:** Wednesday, March 24, 2021 3:53:44 PM
**To:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** RE: Emails

I should say add that, as it has not been served, you would also have the option either of not serving it or seeking leave to file a different amended complaint. The parties just need clarity.

---

**From:** Charles Yuen
**Sent:** Wednesday, March 24, 2021 3:52 PM
**To:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** RE: Emails

You submitted it with the opposition to the summary judgment motion after I mentioned in the motion that I noticed it on the docket sheet (which happened to be the docket sheet for the pre-transfer case). As far as I know, it has never been served with an intent to render it operative against the defendants.

---

**From:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Sent:** Wednesday, March 24, 2021 3:48 PM
**To:** Charles Yuen <cyuen@cyuen-law.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** Re: Emails

I will review with client regarding the amended complaint.   When was the judge supposed to rule on it??

Desha Jackson, Esq.
Desha Jackson Law Group, LLC.
200 Daniels Way, Suite 200
Freehold, New Jersey, 07728
Phone: 732-414-6663
Fax: 732-414-6660
djackson@dljlawgroup.com
www.dljlawgroup.com
www.twitter.com/DLJESQ


Sent via the Samsung Galaxy Note10+,
an AT&T 5G Evolution capable smartphone
Get Outlook for Android


**From:** Charles Yuen <cyuen@cyuen-law.com>
**Sent:** Wednesday, March 24, 2021, 3:40 PM
**To:** djackson dljlawgroup.com
**Cc:** kkasiborski dljlawgroup.com
**Subject:** RE: Emails


Desha:  Are you going to serve the amended complaint?  We never were served and the judge did not rule on whether it is effective.  The defendants' answering requirement dates from service, which did not occur.   If you want to serve it, we will accept the service by email.
Regards,
Charles

**From:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Sent:** Tuesday, March 23, 2021 4:23 PM
**To:** Charles Yuen <cyuen@cyuen-law.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** Re: Emails

Yes. Both.

Desha Jackson, Esq.
Desha Jackson Law Group, LLC.
200 Daniels Way, Suite 200
Freehold, New Jersey, 07728
Phone: 732-414-6663
Fax: 732-414-6660
djackson@dljlawgroup.com
www.dljlawgroup.com
www.twitter.com/DLJESQ

Sent via the Samsung Galaxy Note10+,
an AT&T 5G Evolution capable smartphone
Get Outlook for Android

---

**From:** Charles Yuen <cyuen@cyuen-law.com>
**Sent:** Tuesday, March 23, 2021, 4:21 PM
**To:** djackson dljlawgroup.com
**Cc:** kkasiborski dljlawgroup.com
**Subject:** Re: Emails


Desha:  These are your client's emails sent and received?  Without waiving objections, we are working on it.

---

**From:** djackson dljlawgroup.com <djackson@dljlawgroup.com>
**Sent:** Tuesday, March 23, 2021 4:02 PM
**To:** Charles Yuen <cyuen@cyuen-law.com>
**Cc:** kkasiborski dljlawgroup.com <kkasiborski@dljlawgroup.com>
**Subject:** Emails

We want emails from January of 2017 to June of 2018.

Desha Jackson, Esq.
Desha Jackson Law Group, LLC.
200 Daniels Way, Suite 200
Freehold, New Jersey, 07728
Phone: 732-414-6663
Fax: 732-414-6660
djackson@dljlawgroup.com
www.dljlawgroup.com
www.twitter.com/DLJESQ



Sent via the Samsung Galaxy Note10+,
an AT&T 5G Evolution capable smartphone
Get Outlook for Android

PAULA M. DILLON 001691992
**GOLDMAN DAVIS KRUMHOLZ & DILLON, PC**
**574 Summit Avenue, Suite 402**
**Jersey City, NJ 07306**
**(201) 656-5232**
**Attorneys for Plaintiff**

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiff | |
| | COUNTY OF BERGEN |
| vs. | DOCKET NO.: BER-L-556-19 |
| STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF PATERSON, a body corporate and politic, and MONICA FLOREZ, individually, | CIVIL ACTION |
| Defendant(s) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Lekeysha Alston-Page, residing at 430 Washington Avenue, 2nd Floor, Hackensack, NJ 07601, complaining of the Defendant, says:

## FIRST COUNT
## DISABILITY DISCRIMINATION

1. Plaintiff, Lekeysha Alston-Page, is a 41 year old female who was employed by defendant Paterson Public Schools for approximately 14 years, from approximately April 2004 until the termination of her employment on or about October 15, 2018.

2. Defendant, State Operated School District for the City of Paterson, a body corporate and politic, located at 90 Delaware Avenue in Paterson, New Jersey, was at all times relevant to the within matter, plaintiff's "employer" as that term is defined under the New Jersey Law Against Discrimination (NJ LAD), N.J.S.A. 10:5-1 *et.seq.*

3. Individual defendant, Monica Florez, was at all times relevant to the within matter, the Principal of P.S. #30/Martin Luther King Jr. Educational Complex located at 851 E. 289th St., in Paterson, New Jersey.

4.   Ms. Alston-Page was employed by defendant as a Para Professional and Character Education Teacher and performed her job in accordance with the expectations of her employer.

5.   The last assignment Ms. Alston-Page had for the 2018-2019 school year was working at the Dr. Martin Luther King Elementary School (school #30) located at 851 E. 28th Street in Paterson, New Jersey.

6.   In the Spring of 2017, Plaintiff underwent shoulder surgery as result of a car accident in June 2016 where she sustained injuries to her neck, back and leg and herniated discs.

7.   In September 2017, Ms. Alston-Page was given a 504 ADA accommodation which involved a transfer from the Panther Academy, a high school, to School #30, after suffering from anxiety attacks due to the exposure to rats in that building.

8.   On or about September 6, 2018, Plaintiff was given a new assignment at School #30 as a one-on-one Personal Aide to a five year old male autistic student with significant behavioral issues, who on the first day of the assignment and thereafter, was physically aggressive toward Ms. Alston-Page which required physically restraining the child at times, and for which Plaintiff had not been properly trained.

9.   Ms. Alston Page made several documented complaints to the school district, including but not limited to the Chief Special Education Officer Cheryl D. Coy, Principal Monica Florez, and union representative Charles Ferrer, about her assignment and Plaintiff's belief that she was not properly trained to work as an aide to an autistic child, and that her continued exposure to this child was causing her physical and emotional harm.

10.  On or about September 12, 2018, Plaintiff requested a transfer to another position in the district.

11.  Ms. Alston-Page not only suffered physical injuries when she was bitten, scratched, spit at, and kicked by the child, which required a tetanus shot, but Plaintiff alleges she was improperly reprimanded on or about September 20, 2018, about a situation involving this same child, shortly after one of her complaints.

12. On or about September 25, 2018, Plaintiff filed a grievance regarding her assignment to work with autistic student N.B. and stated that she had been "traumatized by the continuous assault experience every day...".

13. On or about September 25, 2018, Plaintiff sought treatment at the Immedicenter in Totowa, New Jersey, with complaints of scratches received at work by a student and was given a tetanus booster at that time.

14. Plaintiff returned to the Immedicenter on September 27, 2018, and again on October 1, 2018 at which time she complained of additional scratches and kicking from her student.

15. On or about October 4, 2018, Ms. Alston-Page was taken by ambulance to St. Joseph's Hospital and placed out of work until October 15, 2018.

16. On or about October 8, 2018, Plaintiff's doctor completed a 504 ADA Accommodation request which included a transfer from the assignment with triggering abusive exposures, as the then current assignment, would cause cardiovascular and neurologic complications, from hypertension and cervical radiculopathy.

17. On or about October 10, 2018, Ms. Alston-Page was provided with a return to work note effective October 15, 2018 which she forwarded to the Union and the school, at which time she again inquired about an accommodation given her medical condition.

18. On or about October 11, 2018, Ms. Alston-Page was required to undergo an evaluation or fitness for duty exam, with a doctor for the school district, Dr. Scott Coleman of Immedicenter Totowa, where Plaintiff complained of of anxiety symptoms manifested as chest pain, difficulty breathing, palpatations, elevated blood pressure, headaches, etc., as well as, physical strain stemming from pre-existing chronic neck and lower back pain due to herniated discs in both regions. Dr. Coleman opined that Ms. Alston-Page had difficulty "both physically and mentally" with her job (as a Personal Assistant for NB), and recommended that the ideal solution would be for Ms. Alston-Page to be "...transfer[red] to another school...".

19.   At this time, Ms. Alston-Page also underwent an evaluation with her own doctor, Dr. Marissa Ferrazzo-Weller, who agreed that Plaintiff's assignment should be changed.

20.   On or about October 15, 2018, Ms. Alston-Page was informed that the Paterson Public Schools would not accommodate Plaintiff's request for an accommodation which involved a transfer to another assignment.

21.   The plaintiff suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities which are recognized as such under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq.*.

22.   Plaintiff was retaliated against and subject to an adverse employment action when defendants failed to accommodate plaintiff's request for a transfer to another facility and ultimately terminated her employment, and that such conduct constituted Disability Discrimination in violation of the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et.seq,* N.J.S.A. 10:5-4.1 et.seq.

23.   That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE,** plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendants Disability Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq.* as follows: an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine*

*v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

.

## SECOND COUNT
## FAILURE TO ACCOMMODATE

Plaintiff repeats the allegations in the previous Count of the Complaint and incorporates same herein by reference and further says:

23.    The Plaintiff, Lekeysha Alston-Page, suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities which are recognized as such under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq..*

24.    The Plaintiff submitted medical documentation from her own doctor, as well as a fitness for duty exam, which requested an accommodation that included a transfer to another classroom due to the physical and emotional strain on the Plaintiff, due to her placement with a child with significant behavioral issues for which she had never been trained.

25.    That the request for a transfer based on Plaintiff's disabilities relating to anxiety disorder and herniated discs constituted a request for an accommodation in accordance with N.J.A.C. 13:13-2.5 and would have permitted the Plaintiff to perform the essential functions of her job.

26.    That the Plaintiff was denied the accommodation after 14 years in the school district and suffered an adverse employment action when her employment was terminated effective October 15, 2018, as a form of Disability Discrimination, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et.seq.*

27.    The defendants repeatedly failed to engage in the interactive process with the Plaintiff as outlined in the Enforcement Guidelines established by the EEOC and found in 29 C.F.R. Section 1630.2 (O)(3) when the defendants denied Plaintiff's request for an accommodation and ultimately terminated the Plaintiff's employment.

28.   The failure of defendants to engage in the interactive process and provide Plaintiff with reasonable accommodations constitutes a form of Disability Discrimination in violation of the plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*, and in violation of N.J.A.C. 13:13-2.5.

29.   The plaintiff had been performing her job at a level that met her employer's expectations although she requested a reasonable accommodation.

30.   The plaintiff suffered from serious medical conditions relating to anxiety, high blood pressure, and herniated discs in the neck and lower back which required medical treatment and time out from work and which constituted mental and physical disabilities for which she requested an accommodation in the form of a transfer to another classroom, and which constituted a request for an accommodation under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et. seq.*

31.   That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendant's failure to accommodate as a form of Disability Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.* as follows:  an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

**THIRD COUNT**

## NEW JERSEY LAW AGAINST DISCRIMINATION
## AIDING AND ABETTING

Plaintiff repeats the allegations in the previous Counts of the Complaint and incorporates same herein by reference and further says:

32. Individual defendant, Monica Florez , is employed by the defendant as the Principal of School #30/MLK and a Supervisor of the Plaintiff and a member of upper management with the authority to fire employees and control the Plaintiff's workplace.

33. Upon information and belief, defendant Monica Florez terminated and or recommended the termination of the Plaintiff from her employment on or about October 15, 2018.

34. The acts of the individual defendant Monica Florez as described herein was committed within the scope of her employment.

35. Defendant State operated School District for the City of Paterson, a body corporate and politic, delegated to individual defendant Monica Florez, the supervisory authority to control the Plaintiff's workplace.

36. Defendant Monica Florez abused the authority delegated by defendant when she retaliated against the Plaintiff and altered the Plaintiff's workplace by terminating her employment based on her Disabilities and/or Request for an Accommation, in violation of the NJ Law Against Discrimination., N.J.S.A. 10:5-1 *et.seq.*

37. By engaging in this course of unlawful conduct, Monica Florez, knowingly gave substantial assistance and/or encouragement to defendant in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et.seq.*.

38. By virtue of the acts set forth in this complaint, defendant Monica Florez aided and abetted and/or attempted to aid and abet unlawful discrimination in violation of Plaintiff's rights secured under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.*.

39. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent

interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendant's disability discrimination violation of the NJ Law Against Discrimination, N.J.S.A. 10:5-1 *et. seq.* as follows:  an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable  relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein pursuant to R.1:8-2(b) and R.4:35-1(a).

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

PURSUANT to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment.  If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

### DEMAND FOR DOCUMENTS TO WHICH ANSWER  REFERS

Pursuant to Rule 4:18-2, Plaintiff hereby demands that Defendant produce copies of each

and every document or paper to which the Answer refers within five days after service of the Answer.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paula M. Dillon is hereby designated as trial counsel for Plaintiff in the within matter.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court or of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION REGARDING PERSONAL IDENTIFIERS

Pursuant to Rule 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(c).

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendants should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this mater.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A.      The Defendant(s) should not initiate any procedures which would alter any active, deleted,

or fragmented files.  Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B.    The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data.  Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C    The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments, on any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

D.    The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

**GOLDMAN DAVIS KRUMHOLZ DILLON, P.A.**
**Attorneys for Plaintiff**

PAULA M. DILLON

EXHIBIT C

*Prepared by the Court*

*FILED*
*JUN 0 7 2019*
*BONNIE J. MIZDOL, A.J.S.C.*

|  |  |
|---|---|
| **LEKEYSHA ALSTON-PAGE,** | **SUPERIOR COURT OF NEW JERSEY**<br>**BERGEN COUNTY: LAW DIVISION** |
| **Plaintiff,** | **DOCKET NO. BER-L-556-19** |
| **vs.** | **CIVIL ACTION** |
| **STATE OPERATED SCHOOL**<br>**DISTRICT FOR THE CITY OF**<br>**PATERSON and MONICA**<br>**FLOREZ,** | **ORDER TRANSFERRING VENUE** |
| **Defendants.** | |

**THIS MATTER** having been brought before the Court on the motion of Charles A. Yuen, Esq. (Scarinci & Hollenbeck, LLC), attorney for Defendants, for an Order transferring venue, and for good cause shown;

**IT IS** on this 7th day of June, 2019, **ORDERED:**

1.  Venue in the above matter is hereby transferred from Bergen County to Passaic County for the reasons set forth in the Rider annexed hereto.

Hon. Bonnie J. Mizdol, A.J.S.C

ALSTON-PAGE v. STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF
PATERSON and FLOREZ
DOCKET No. BER-L-000556-19

**RIDER TO ORDER DATED June 7, 2019**

*FILED*
*JUN 0 7 2019*
*BONNIE J. MIZDOL, A.J.S.C.*

<u>Law</u>

R. 4:3-3(a) provides, "[i]n actions in the Superior Court a change of venue may be ordered

by the Assignment Judge . . . of the County in which venue is laid."

Change of venue in a civil action is appropriate in the following circumstances:

> (1) if the venue is not laid in accordance with R. 4:3-2; or (2) if there
> is a substantial doubt that a fair and impartial trial can be had in the
> county where venue is laid; or (3) for the convenience of parties and
> witnesses in the interest of justice.
>
> [R. 4:3-3(a).]

R. 4:3-2(a) governs where venue may be laid; it provides:

> Venue shall be laid by the plaintiff in Superior Court actions as
> follows: (1) actions affecting title to real property or a possessory or
> other interest therein, or for damages thereto, or appeals from
> assessments for improvements, in the county in which any affected
> property is situate; (2) actions not affecting real property which are
> brought by or against municipal corporations, counties, public
> agencies or officials, in the county in which the cause of action
> arose; (3) . . . all other actions in the Superior Court shall be laid in
> the county in which the cause of action arose, or in which any party
> to the action resides at the time of its commencement, or in which
> the summons was served on a nonresident defendant.
>
> [R. 4:3-2(a).]

For venue purposes, "a corporation shall be deemed to reside in the county in which its registered

office is located or in any county in which it is actually doing business." R. 4:3-2(b).

A review of the case law interpreting R. 4:3-2 indicates courts in New Jersey generally

defer to the plaintiff's choice of venue in the event alternative venues exist. See Civic S. Factors

Corp. v. Bonat, 65 N.J. 329, 333 (1974) ("[A] plaintiff's choice of forum ordinarily will not be

1

disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum must be demonstrably inappropriate."); <u>Doyley v. Schroeter</u>, 191 <u>N.J. Super.</u> 120, 124-26 (Law Div. 1983) ("Indeed, the rule itself expresses a bias in favor of plaintiff's choice. . . . Absent the likelihood of substantial inconvenience or injustice, reason dictates that a change in venue with its inevitable consequences be avoided.").

Venue requirements "are rules of practice designed to place litigation at a location convenient to parties and witnesses." <u>Id.</u> (citing <u>Doyley</u>, <u>supra</u>, 191 <u>N.J. Super.</u> at 126-28). Accordingly, an action may be transferred from one venue to another where the convenience of the parties and witnesses is not served by strict application of the venue rule. <u>See</u> <u>R.</u> 4:3-3(a)(3).

## **Analysis**

Plaintiff, Lekeysha Alston-Page, a resident of Hackensack, Bergen County, New Jersey, filed a disability discrimination complaint in Bergen County on January 29, 2019, against her employer, State Operated School District for the City of Paterson ("PPS") and Monica Florez, the Principal of P.S. #30 Martin Luther King Jr. Educational Complex, ("Florez") ("Defendants" when referenced collectively).

On May 10, 2019, Defendants, represented by Charles A. Yuen, Esq. (Scarinci & Hollenbeck, LLC), filed the instant motion to transfer venue to Passaic County.

<u>R.</u> 4:3-2(a)(2) provides that venue for actions "not affecting real property which are brought by or against municipal corporations, counties, public agencies or officials shall be laid by the plaintiff in the county in which the cause of action arose." The cause of action occurred in Passaic County. PPS is a public agency located in Paterson (Passaic County). Florez, Plaintiff's supervisor at the time of the cause of action arose, was employed by PPS.

Venue was improperly laid in Bergen County, therefore, a change of venue to Passaic County is proper.

Hon. Bonnie J. Mizdol, A.J.S.C.

EXHIBIT D

PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON NJ 07505

DATE AUGUST 06, 2019


        VINCENT A. ANTONIELLO
        RESNICK LAW GROUP P.C.
        5 BECKER FARM RD
        SUITE 410
        ROSELAND          NJ  007068000


ALSTON-PAGE LEKEYSHA  VS STATE OPERATED SCHOO L D
DOCKET L  001820 19
DEAR SIR OR MADAM:

     PURSUANT TO THE ORDER OF REFERRAL TO MEDIATION (COPY ATTACHED), YOU HAVE BEEN
DESIGNATED AS A MEDIATOR IN THE ABOVE CAPTIONED CASE IN THE EVENT THAT THE PARTIES
DO NOT SELECT ANOTHER MEDIATOR OF THEIR CHOICE WITHIN 14 DAYS.  IF THE LEAD
PLAINTIFF IN THE ABOVE MATTER HAS NOT CONTACTED YOU WITHIN 18 DAYS OF THE ENTRY OF
THE ORDER, YOU WILL SERVE AS THE MEDIATOR IN THE ABOVE MATTER.  IF THERE IS A
CONFLICT, PLEASE NOTIFY ███████████████████████████ IMMEDIATELY.
PLEASE NOTE THAT PURSUANT TO THE ATTACHED ORDER, YOU SHALL HOLD A TELEPHONIC
CONFERENCE WITH COUNSEL WITHIN 35 DAYS OF THE DATE OF THE ENCLOSED ORDER AND ON
5 DAY'S ADVANCE NOTICE TO THE PARTIES.  IN ACCORDANCE WITH APPENDIX XXVI OF THE
RULES OF COURT, AT THE BEGINNING OF THE INITIAL IN-PERSON MEDIATION SESSION, YOU
SHALL DISCLOSE TO THE PARTIES IN WRITING ON A FORM PRESCRIBED BY THE ADMINISTRATIVE
DIRECTOR OF THE COURTS THE SPECIFIC TIME AT WHICH THE FREE MEDIATION WILL CONCLUDE.
THE WRITTEN DISCLOSURE SHALL ADVISE THE PARTIES THAT ANY MEDIATION CONTINUED
BEYOND THAT TIME WILL BE BILLED BY YOU AT YOUR MARKET RATE AS SET FORTH ON THE
COURT'S MEDIATOR ROSTER.  THE WRITING SHALL ALSO DISCLOSE THE AMOUNT OF
PREPARATION TIME YOU HAVE SPENT TO THAT POINT ON THE CASE.  IF THE AMOUNT OF
PREPARATION TIME BY YOU EXCEEDS ONE HOUR AND IF YOU INTEND TO CHARGE THE PARTIES
FOR THAT ADDITIONAL PREPARATION TIME BEYOND THE ONE FREE HOUR IN ACCORDANCE WITH
GUIDELINE 15 SHOULD THEY AGREE TO CONTINUE WITH MEDIATION ON A PAYING BASIS, THEN
IN THAT WRITTEN DISCLOSURE YOU MUST SO ADVISE THE PARTIES PRIOR TO COMMENCING
THE INITIAL MEDIATION SESSION.  ANY SUCH CHARGED ADDITIONAL PREPARATION TIME WILL
BE BILLED BY YOU AT YOUR MARKET RATE AS SET FORTH ON THE COURT'S MEDIATOR ROSTER.
THE FORM OF THE DISCLOSURE IS FOUND AT NJCOURTS.GOV UNDER CIVIL MEDIATION
RESOURCES.  PLEASE NOTIFY ████████████████ IMMEDIATELY UPON THE SETTLEMENT
OR UPON UNSUCCESSFUL COMPLETION OF THE MEDIATION OF THIS CASE AND SUBMIT A
COMPLETION OF MEDIATION FORM.  THE FORM MAY ALSO BE FOUND AT NJCOURTS.GOV
UNDER CIVIL MEDIATION RESOURCES.

     IF YOU HAVE ANY QUESTIONS, PLEASE FEEL FREE TO CALL THE MEDIATOR FACILITATING
COMMITTEE.  INFORMATION REGARDING THE MEDIATOR FACILITATING COMMITTEE CAN BE
FOUND AT NJCOURTS.GOV, CIVIL MEDIATION RESOURCES.  THANK YOU FOR YOUR WILLINGNESS
TO SERVE IN THIS VERY IMPORTANT PROGRAM.

                              VERY TRULY YOURS,



                              CIVIL PRESIDING JUDGE

ENC.


Please send or fax all correspondence CDR
point person- **Lisa Laurenzi**
Civil Division, 77 Hamilton St. 3rd fl
Paterson, NJ 07505
**Phone:** 973-247-8198/**Fax:** 973-247-3288

LAW DIVISION, CIVIL PART
PASSAIC SUPERIOR COURT
DOCKET NO.L  001820 19

ALSTON-PAGE LEKEYSHA   VS STATE OPERATED SCHOO L D

CIVIL ACTION
MEDIATION REFERRAL ORDER
(NO STAY OF DISCOVERY)

PURSUANT TO R. 1:40-1 ET SEQ., IT IS ON THIS        SIXTH        DAY OF
AUGUST    2019, ORDERED THAT:

1.   THE PARTIES AND ATTORNEYS SHALL PARTICIPATE IN MEDIATION IN GOOD FAITH AND
WITH A SENSE OF URGENCY.  FAILURE TO DO SO MAY RESULT IN AN ASSESSMENT OF
COSTS OR OTHER CONSEQUENCES.

REGARDING THE MEDIATOR SELECTION

2A.  PARTIES MAY SELECT A MEDIATOR WITHIN 14 DAYS.  IF THE PARTIES DESIGNATE A
"PARTY SELECTED MEDIATOR" WITHIN 14 DAYS OF THE ENTRY OF THIS ORDER, LEAD
PLAINTIFF'S COUNSEL SHALL PROVIDE TO THE CDR POINT PERSON AND THE INDIVIDUAL
NAMED IN PARAGRAPH 2B BELOW, IN WRITING, THE NAME, ADDRESS, TELEPHONE AND
E-MAIL ADDRESS OF THE SELECTED MEDIATOR.
NAMES AND ADDRESSES OF THE CDR POINT PERSON MAY BE FOUND AT NJCOURTS.GOV
UNDER CIVIL MEDIATION RESOURCES.

2B.  VINCENT A. ANTONIELLO           (973) 781-1204  IS APPOINTED TO MEDIATE IF
PARTIES DO NOT TIMELY DESIGNATE A PARTY SELECTED MEDIATOR.  INFORMATION
REGARDING THE APPOINTED MEDIATOR MAY BE OBTAINED AT NJCOURTS.GOV, CIVIL
MEDIATION RESOURCES, UNDER CIVIL MEDIATOR SEARCH.

REGARDING THE MEDIATION PROCESS

3A.  THE MEDIATOR SHALL NOTIFY COUNSEL OF THE DATE AND TIME FOR AN ORGANIZATIONAL
CONFERENCE CALL TO BE CONDUCTED WITHIN 35 DAYS OF THIS ORDER.  THE MEDIATOR
SHALL EXPLAIN THE MEDIATION PROCESS, SET GROUND RULES, FACILITATE FOCUSED
INFORMATION EXCHANGE, AND IDENTIFY THOSE PERSONS WITH NEGOTIATING AUTHORITY
NEEDED BY EACH SIDE TO PARTICIPATE IN THE MEDIATION PROCESS IN ORDER TO
ASSIST IN EFFECTUATING A RESOLUTION OF THE CASE.  IN CONSULTATION WITH
COUNSEL, THE MEDIATOR SHALL SCHEDULE THE MEDIATION SESSION AND MAY REQUIRE
THE ATTENDANCE OF THE PERSON(S) WITH AUTHORITY.

3B.  FAILURE TO PARTICIPATE IN THE CONFERENCE CALL OR ATTEND THE FIRST MEDIATION
SESSION MAY RESULT IN AN ASSESSMENT OF COSTS OR OTHER CONSEQUENCES PURSUANT
TO R. 1:2-4(A).

3C.  ANY PARTY MAY WITHDRAW FROM THE MEDIATION PROCESS AFTER THE EXPIRATION OF
THE INITIAL ONE-HOUR IN-PERSON MEDIATION SESSION.  WITHDRAWAL OF ONE OR MORE
PARTIES FROM THE MEDIATION SHALL NOT PREVENT THE REMAINING PARTIES FROM
CONTINUING WITH MEDIATION.

3D.  LEAD PLAINTIFF'S COUNSEL SHALL BE RESPONSIBLE FOR PROVIDING THE MEDIATOR
WITH AN UPDATED PARTY/COUNSEL LIST.

3E.  THIS REFERRAL TO MEDIATION DOES NOT STAY DISCOVERY.  MEDIATION UNDER THIS
ORDER SHALL BE COMPLETED BY THE DISCOVERY END DATE.

REGARDING MEDIATOR COMPENSATION

4.   COMPENSATION OF PARTY-SELECTED OR COURT-DESIGNATED MEDIATORS SHALL BE
HANDLED IN ACCORDANCE WITH THE "GUIDELINES FOR THE COMPENSATION OF
MEDIATORS" CONTAINED IN APPENDIX XXVI OF THE RULES OF COURT.  MEDIATORS ON
THE ROSTER, WHETHER PARTY-SELECTED OR COURT-DESIGNATED, SHALL SERVE WITHOUT
COMPENSATION FOR THE FIRST TWO HOURS, WHICH SHALL INCLUDE A MANDATORY
ORGANIZATIONAL TELEPHONE CONFERENCE WITH COUNSEL AND PRO SE PARTIES AND AN
IN-PERSON MEDIATION SESSION OF AT LEAST ONE HOUR.  THE PARTIES MAY SELECT
ANY MEDIATOR NOT ON THE ROSTER OF MEDIATORS AND SUCH NON-ROSTER MEDIATOR MAY
NEGOTIATE A FEE WITH THE PARTIES, BUT IS BOUND BY ALL OTHER TERMS AND
CONDITIONS OF THIS ORDER AND THE COURT'S MEDIATION PROCEDURES.

5.   ANY INQUIRY REGARDING THE MEDIATION PROCESS OR THIS ORDER SHALL BE RESOLVED
BY THE MEDIATOR IN COLLABORATION WITH THE MEDIATOR FACILITATING COMMITTEE
IDENTIFIED AT:http://njcourts.gov/courts/assets/civil/medmentcommlist.pdf.

_____  J.S.C.

C:   COURT DESIGNATED MEDIATOR
ALL PARTIES OR COUNSEL

COUNSEL & PARTY LIST
ALSTON-PAGE LEKEYSHA  VS STATE OPERATED SCHOO L D
(L  001820 19)

```
                        VINCENT A. ANTONIELLO
                        RESNICK LAW GROUP P.C.
                        5 BECKER FARM RD,
                        ROSELAND          NJ 007068000
                        (973) 781-1204
```

| PARTY NAME | ATTORNEY | ADDRESS/TELEPHONE # |
|---|---|---|
| LEKEYSHA ALSTON-PAGE(PF) | PAULA M. DILLON<br>GOLDMAN DAVIS KRUMHOLZ & | THREE UNIVERSITY PLZ<br>STE 410<br>HACKENSACK      NJ 076010000<br>(201) 488-2600 |
| STATE OPERATED SCHOO(DF) | CHARLES A. YUEN<br>SCARINCI & HOLLENBECK LLC | 1100 VALLEY BROOK AVE<br>PO BOX 790<br>LYNDHURST      NJ 070710790<br>(201) 896-4100 |
| MONICA FLOREZ       (DF) | CHARLES A. YUEN<br>SCARINCI & HOLLENBECK LLC | 1100 VALLEY BROOK AVE<br>PO BOX 790<br>LYNDHURST      NJ 070710790<br>(201) 896-4100 |

EXHIBIT E

PAS L 001820-19  10/17/2019  Pg 1 of 2  Trans ID: LCV20191956200
Case 2:21-cv-10409-KSH-JBC  Document 1-1  Filed 04/29/21  Page 40 of 55 PageID: 45

PAS-L-001820-19  09/24/2019 2:57:11 PM  Pg 1 of 2  Trans ID: LCV20191727793

PAULA M. DILLON, ESQ., #001691992
**GOLDMAN DAVIS KRUMHOLZ & DILLON, PC**
**Three University Plaza**
**Suite 410**
**Hackensack, NJ 07601**
**(201) 488-2600**
**(201) 488-5059 Fax**

---

LEKEYSHA ALSTON-PAGE,

          Plaintiff

vs.

STATE OPERATED SCHOOL DISTRICT
FOR THE CITY OF PATERSON, a body
corporate and politic, and MONICA
FLOREZ, individually,
          Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION

COUNTY OF PASSAIC

DOCKET NO.: PAS-L-1820-19

CIVIL ACTION

---

## ORDER

**THIS MATTER HAVING BEEN** opened to the Court by PAULA M. DILLON, Esq.,

of the Law Firm of Goldman Davis Krumholz & Dillon, PC, Attorneys for the Plaintiff, and the

Court having considered the filed Affidavit and for other good cause being shown;

**IT IS HEREBY O R D E R E D** on this __17__ day of ~~September,~~ *O c t* 2019, that the law firm

of Goldman Davis Krumholz & Dillon, PC and PAULA M. DILLON, Esq. be and are hereby

relieved as counsel for the plaintiff in the within matter.

IT IS HEREBY O R D E R E D that plaintiff is to obtain new counsel within __15__ days

from the date hereof;

**IT IS FURTHER O R D E R E D** that a copy of this Order be and is hereby mailed to

the plaintiff via Certified and Regular Mail, to his last known address of 104 Alabama Avenue

Rear Apt, Paterson, NJ 07503.

PAS-L-001820-19   09/24/2019 2:57:11 PM  Pg 2 of 2 Trans ID: LCV20191727793

Motion was:

_____Opposed

_____Unopposed

Thomas F. Brogan, P.J.Cv.

EXHIBIT F

**Desha Jackson Law Group, LLC.**
**Attorney ID #014591996**
200 Daniels Way,
Suite 200
Freehold, NJ 07728
PH: 732-414-6663
FAX: 732-414-6660
djackson@dljlawgroup.com
**Attorneys for Plaintiff Lekeysha Alston-Page**

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE , <br><br> Plaintiff(s), <br><br> vs., <br><br> STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF PATTERSON AND MONICA FLOREZ <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION PASSAIC COUNTY <br><br> DOCKET NO. PAS- L-001820-19 <br><br> CIVIL ACTION <br><br> **ORDER TO EXTEND TIME TO ANSWER DOCUMENT PRODUCTION REQUEST AND INTERROGATORIES PURSUANT TO R. 1:6-2; R. 1:6-3; R. 1:6-4 ;4:17-4(B); R. 4:18-1(B)(2)** |

THIS MATTER having been brought before the Court by Desha Jackson, Law

Group, LLC., attorneys for the Plaintiff Lekeysha Alton-Page and for good cause shown;

IT IS ON THIS _30_ day of _____Ja_____, 20_20_,

ORDERED, that the time for Plaintiff Lekeysha Alson-Page, to answer

Defendant's State Operated School District for City of Paterson and Monica Florez's Document

Production Request and Interrogatories hereby is extended for a period of Sixty (60) days from

the date of this Order;

IT IS FURTHER ORDERED that a copy of the within Order shall be served upon all

counsel of record within seven (7) days of the date hereof.

_____
_Thomas F. Brogan, P.J.Cv._
The Honorable Thomas F. Brogan, P. J.S.C.

Date:
Opposed
Unopposed _____

_Confused about this application. There is no most to compel or to dismiss for failure to provide discovery. Work together_

EXHIBIT G

CHARLES A. YUEN, ESQ. (007171993)
SCARINCI & HOLLENBECK, LLC
1100 VALLEY BROOK AVENUE
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone: (201) 896-7033
Attorneys for Defendant Paterson Board of Education
Our File No.: 011137.02100

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – PASSAIC COUNTY |
| Plaintiff, | DOCKET NO.: PAS-L-0001820-19 |
| | Civil Action |
| v. | |
| | **CONSENT ORDER EXTENDING TIME** |
| STATE OPERATED SCHOOL DISTRICT | **FOR DISCOVERY** |
| FOR THE CITY OF PATERSON, and | |
| MONICA FLOREZ, | |
| | |
| Defendants. | |

THIS MATTER having come before the Court on the consent application of counsel for all parties, for a Consent Order extending the discovery period; and good cause having been shown;

WHEREAS the original discovery end date is July 18, 2020 and there have been no extensions of the discovery end date; and

WHEREAS the Supreme Court has issued pertinent Omnibus Orders pertaining to discovery and discovery end dates in light of COVID-19; and

WHEREAS in light of COVID-19 and other considerations the parties have consented to the extension of the discovery end date in this matter by ninety (90) days.

IT IS on this __15__ day of June, 2020

ORDERED that the discovery end date in this matter shall be extended by a period of ninety (90) days until October 16, 2020; and

IT IS FURTHER ORDERED that this Order shall be considered served on the parties upon its entry into the docket on Ecourts.

S/Thomas F Brogan
_____
Hon. Thomas F. Brogan, Presiding J.S.C.

I hereby consent to the entry of the within Order:

DESHA JACKSON, ESQ.
Desha Jackson Law Group, LLC.
/s/ Desha Jackson
Dated:  June 10, 2020

CHARLES A. YUEN, ESQ.
Scarinci & Hollenbeck, LLC
Attorneys for Defendants
/s/ Charles A. Yuen
Dated:  June 10, 2020

EXHIBIT H

CHARLES A. YUEN, ESQ. (007171993)
SCARINCI & HOLLENBECK, LLC
1100 VALLEY BROOK AVENUE
P.O. BOX 790
LYNDHURST, NEW JERSEY 07071-0790
Telephone: (201) 896-7033
Attorneys for Defendant Paterson Board of Education
Our File No.: 011137.02100

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – PASSAIC COUNTY |
| Plaintiff, | DOCKET NO.: PAS-L-0001820-19 |
| | Civil Action |
| v. | |
| | **CONSENT ORDER EXTENDING TIME** |
| STATE OPERATED SCHOOL DISTRICT | **FOR DISCOVERY** |
| FOR THE CITY OF PATERSON, and | |
| MONICA FLOREZ, | |
| | |
| Defendants. | |

THIS MATTER having come before the Court on the consent application of counsel for all parties, for a Consent Order extending the discovery period; and good cause having been shown;

WHEREAS the original discovery end date is July 18, 2020 and there has been one extension to October 16, 2020; and

WHEREAS the Supreme Court has issued pertinent Omnibus Orders pertaining to discovery and discovery end dates in light of COVID-19; and

WHEREAS in light of COVID-19 and other considerations the parties have consented to the extension of the discovery end date in this matter by ninety (90) days.

IT IS on this _____19_____ day of October, 2020

~~ORDERED that the discovery end date in this matter shall be extended by a period of~~

~~ninety (90) days until January 14, 2021; and~~

IT IS FURTHER ORDERED that this Order shall be considered served on the parties upon

its entry into the docket on Ecourts.

_____/S/ Thomas F. Brogan_____
Hon. Thomas F. Brogan, Presiding J.S.C.

I hereby consent to the entry of the within Order:

DESHA JACKSON, ESQ.
Desha Jackson Law Group, LLC.
/s/ Desha Jackson
Dated:  October 12, 2020

CHARLES A. YUEN, ESQ.
Scarinci & Hollenbeck, LLC
Attorneys for Defendants
/s/ Charles A. Yuen
Dated:  October 12, 2020

application denied. Form of order non-compliant with R 4:24-1c. You need to set forth all the discovery events and the scheduled date for them

EXHIBIT I

CHARLES A. YUEN, ESQ. (007171993)
SCARINCI & HOLLENBECK, LLC
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, New Jersey 07071-0790
Telephone: (201) 896-7033
Attorneys for Defendant Paterson Board of Education
Our File No.: 011137.02100

---

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – PASSAIC COUNTY |
|    Plaintiff, | DOCKET NO.: PAS-L-0001820-19 |
| |    Civil Action |
| v. | |
| | **ORDER** |
| STATE OPERATED SCHOOL DISTRICT | |
| FOR THE CITY OF PATERSON, and | |
| MONICA FLOREZ, | |
| | |
|    Defendants. | |

---

THIS MATTER having come before the Court on the motion by the defendants for summary judgment; and good cause having been shown;

IT IS on this __23__ day of __Feb_____, 2021

ORDERED as follows:

1. Defendants' motion for summary judgment is ~~granted~~ and denied

2. ~~Plaintiff's complaint is dismissed with prejudice.~~

IT IS FURTHER ORDERED that this Order shall be considered served on all parties upon its entry into the docket on Ecourts.

_____/S/ Thomas F. Brogan_____
Hon. Thomas F. Brogan, P.J.S.C.

x   Opposed

   Unopposed        .Motion denied for the reasons set forth on the record 2/23/21

EXHIBIT J

CHARLES A. YUEN, ESQ. (007171993)
CHARLES ALLEN YUEN LLC
(MAIL): 300 MAIN STREET
SUITE 21 PMB650
MADISON, NJ 07940
Tel: 862-350-4244
Attorneys for Defendants

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE<br><br>     Plaintiff,<br><br>v.<br><br>STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF PATERSON, and MONICA FLOREZ,<br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – PASSAIC COUNTY DOCKET NO.: PAS-L-0001820-19<br>     Civil Action<br><br>**CONSENT CASE MANAGEMENT ORDER** |

THIS MATTER having come before the Court on the consent application of counsel for all parties, for a Case Management Order; and good cause having been shown;

WHEREAS the original discovery end date was July 18, 2020 and there was only one extension to October 16, 2020; and

WHEREAS the Supreme Court has issued pertinent Omnibus Orders pertaining to discovery and discovery end dates in light of COVID-19; and

WHEREAS the parties submitted a consent order extending the discovery end date which the Court denied on October 19, 2020 because the consent order failed to meet the requirements of *R*. 4:24-1c; and

WHEREAS the parties in response submitted a proposed case management order which the Court did not thereafter act upon; and

WHEREAS a trial date was set for April 5, 2021; and

WHEREAS the Court, after denying summary judgment at a hearing on February 23, 2021, discussed how the parties could agree and submit another proposed case management order to address the trial date and additional discovery in this matter; and

WHEREAS the parties have in response met and conferred and have agreed to submit this new consent case management order in light of the need for further discovery in this matter.

IT IS on this __12__ day of ____April____, 2021 ORDERED that

Party fact discovery in this matter shall end on April 26, 2021; and

Plaintiff's expert reports are due on May 3, 2021; and

The parties shall notify each other of their retained expert witness' availability for a specific day of remote deposition by May 10, 2021; and

Defendants' expert reports are due on May 17, 2021; and

The discovery end date is May 31, 2021; and

The trial date set for April 5, 2021 is adjourned in light of the public emergency caused by Covid-19.

IT IS FURTHER ORDERED that this Order shall be considered served on the parties upon its entry into the docket on Ecourts.

_____
/S/ Thomas F. Brogan
Hon. Thomas F. Brogan, Presiding J.S.C.

I hereby consent to the entry of the within Order:

DESHA JACKSON, ESQ.
Desha Jackson Law Group, LLC.
/s/ Desha Jackson Dated:  March 17, 2021                    trial date is 6/8/21.Further extensions unlikely

CHARLES A. YUEN, ESQ.
Charles Allen Yuen, LLC
Attorneys for Defendants
/s/ Charles A. Yuen Dated:  March 17, 2021



# Charles Allen Yuen LLC

### Law Firm

### Short Hills, New Jersey

Charles A. Yuen                                                    cyuen@cyuen-law.com
Member                                                         Phone: 862.350.4244

February 16, 2021

By ECourts

Hon. Thomas F. Brogan, P.J.S.C.
Passaic County Courthouse
77 Hamilton Street
Paterson, NJ 07505

Re:    Alston-Page v. State-Operated School District for the City of Paterson
       Docket No. PAS-L-1820-19
       <u>Consent Case Management Order</u>

Dear Judge Brogan:

This matter has a current trial date set for April 5, 2021 and the Court denied summary judgment on February 23, 2021. During the hearing the Court provided comments regarding a case management order the parties could submit for the Court's consideration, including reference to the trial date and allowing further limited discovery. Attached please find such an agreed form of case management order for the Court's consideration.

Thank you for the Court's consideration of this request.

Respectfully,
/s/ Charles A. Yuen

cc: All counsel of record (by ECourts)

300 Main Street, Suite 21 PMB650, Madison, NJ 07940 (mail and deliveries only).