<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEKEYSHA ALSTON-PAGE, *Plaintiff,* v. STATE OPERATED SCHOOL DISTRICT FOR THE CITY OF PATERSON and MONICA FLOREZ, *Defendants.* | Civil No.: 21-cv-10409 (KSH) (JBC) <br><br> <u>**OPINION**</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.     Introduction**

This matter comes before the Court on plaintiff's motion to remand this case to state court (D.E.4) and Magistrate Judge Clark's report and recommendation that the Court grant the motion (D.E. 13). For the reasons set forth below, the conclusions set forth in the report and recommendation will be adopted, and the motion to remand will be granted.

**II.    Background**

    **A.   State Court Proceedings**

Plaintiff Lekeysha Alston-Page, a former teacher for defendant State Operated School District for the City of Paterson, alleges that her employment was terminated after she was denied a transfer to another classroom to accommodate her physical and mental disabilities. She filed a three-complaint complaint against the school district and principal Monica Florez in Bergen County Superior Court on January 22, 2019, asserting claims for disability discrimination (count 1), failure to accommodate (count 2), and aiding and abetting (count 3) in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq* (the "NJLAD"). (D.E. 1-1.)

1

On April 29, 2019, plaintiff filed the operative first amended complaint (D.E. 4-4, "FAC"), in which she asserted the same three NJLAD causes of action but expanded upon count 2 in several respects. For example, plaintiff clarified that her request for a transfer to another classroom "constituted a request for an accommodation in accordance with N.J.A.C. 13:13-2.5 and would have permitted the Plaintiff to perform the essential functions of her job." (FAC ¶ 25.) She also added the following two allegations, which reference a federal regulation:

> 27. **The defendants repeatedly failed to engage in the interactive process with the Plaintiff as outlined in the Enforcement Guidelines established by the EEOC and found in 29 C.F.R. Section 1630.2(O)(3)** when the defendants denied Plaintiff's request for an accommodation and ultimately terminated the Plaintiff's employment.
>
> 28. **The failure of defendants to engage in the interactive process** and provide Plaintiff with reasonable accommodations constitutes a form of Disability Discrimination in violation of the plaintiff's rights under the [NJLAD] and in violation of N.J.A.C. 13:13-2.5.

(*Id.* ¶¶ 27-28 (emphases added).)

Although the first amended complaint was electronically filed on the Bergen County docket, defendants claim they were never served. (*See* D.E. 8-1, Yuen Decl. ¶ 9; *see also* D.E. 5.) Accordingly, on April 30, 2019—the day after the first amended complaint was filed—defendants filed an answer to the original complaint.[1] (*See* D.E. 2-1.)

On June 11, 2019, the case was transferred to Passaic County on defendants' motion. (*See id.; see also* D.E. 2-2.) The parties engaged in extensive proceedings there for nearly two years, which culminated in the denial of defendants' motion for summary judgment on February 23, 2021. (D.E. 2-2.) On April 19, 2021, defendants answered the first amended complaint.

---

[1] On March 26, 2019, the parties stipulated to a 60-day extension for defendants to answer the original complaint. (D.E. 4-3.) Defense counsel filed that stipulation on the Bergen County docket on April 22, 2019. (D.E. 2-1.)

(*See id.*)  They removed the case to this Court ten days later, relying on federal question jurisdiction.  (*See id.*; *see also* D.E. 1 at 2.)

### B. Federal Proceedings

On May 29, 2021, plaintiff moved (D.E. 4) to remand the case back to Passaic County on grounds that defendants' notice of removal was untimely under 28 U.S.C. § 1446(b).  She argued that defendants were served with the first amended complaint on April 29, 2019 when it was filed on the Bergen County docket, or at the latest on January 29, 2021 when she opposed defendants' motion for summary judgment and attached a copy of the first amended complaint to her submission.  (*See generally* D.E. 4, Mov. Br; D.E. 9, Reply Br.)   In opposition, defendants argued that their removal was timely because they were not served with the first amended complaint until March 30, 2021, when plaintiff's counsel emailed their counsel a copy.  (*See generally* D.E. 8, Opp. Br.)

Judge Clark issued a report and recommendation (D.E. 13, R&R) on December 28, 2021 in which he recommended that plaintiff's remand motion be granted.  Although Judge Clark found that defendants' notice of removal was timely filed, he determined that the Court lacked subject matter jurisdiction over the case because: (i) defendants' proposed source of federal question jurisdiction—namely, 29 C.F.R. § 1630.2(o)(3) as referenced in paragraphs 27 and 28 of the first amended complaint—did not "have the force of law"; and (ii) plaintiff chose to only advance state law claims under the NJLAD.  (*See* R&R at 4-9.)

On January 11, 2022, defendants moved for reconsideration of the report and recommendation.  (D.E. 14.)  Although motions for reconsideration can only be filed after entry of a report and recommendation on a non-dispositive matter, *see* L. Civ. R. 72.1(c)(1)(A), Judge Clark considered the motion on the merits and denied it on April 14, 2022, reasoning that

defendants had failed to satisfy the heightened standard for reconsideration under L. Civ. R. 7.1(i). (D.E. 16.)

Thereafter, defendants filed a "formal objection" to Judge Clark's report and recommendation and asked the Court to construe their reconsideration motion as a timely objection under L. Civ. R. 72.1(c)(2) and Fed. R. Civ. P. 72(b)(2). (D.E. 17.)

### III. Standard of Review

The district court may refer a dispositive matter, such as a motion to remand, *see In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998), to a magistrate judge "to hear and determine," 28 U.S.C. § 636(b)(1)(A). Following a magistrate judge's issuance of a report and recommendation on the motion, the parties may serve and file objections within 14 days. *See* Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* L. Civ. R. 72.1(c)(2) (district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge," and "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."). The objected portions of a report and recommendation are reviewed *de novo*, and non-objected portions are generally given "reasoned consideration." *See Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

### IV. Discussion

Judge Clark's report and recommendation addressed two issues—the timeliness of defendants' notice of removal and the import of plaintiff's references to 29 C.F.R. § 1630.2(o)(3) in the first amended complaint.

4

As to the former issue, neither party has objected to Judge Clark's finding that defendants' notice of removal was timely, and the Court sees no reason to stray from it. The record includes a detailed copy of the Bergen County docket sheet, which indicates in bold font that notice of the first amended complaint "**was not electronically mailed**" to defendants when it was filed in March 2019 (*see* Yuen Decl. ¶ 7, Ex. 2), and Judge Clark's finding that plaintiff's summary judgment opposition also did not trigger the 30-day removal clock is well taken. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (recognizing that defendant's time to remove cannot be triggered "by mere receipt of the complaint unattended by any formal service"); *accord Lukasewicz v. Valtris Specialty Chem. Co.*, 2021 WL 1997397, at *3 (D.N.J. May 17, 2021) (Chesler, J.) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." (quoting *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009))). Accordingly, the Court adopts Judge Clark's conclusion that defendants were served with the first amended complaint on March 30, 2021, rendering timely their notice of appeal.

The central issue here, then, is whether plaintiff's reliance on 29 C.F.R. § 1630.2(o)(3) in the first amended complaint gives rise to federal jurisdiction. Judge Clark found that it does not, and defendants objected to that finding—albeit in a procedurally improper motion for reconsideration. However, because defendants' reconsideration motion was filed within 14 days of the report and recommendation as required by Fed. R. Civ. P. 72(b)(2) and L. Civ. R. 72.1(c)(2), the Court will construe it as a timely objection and review the issue *de novo*.

A case may be removed to federal court only "if the case could have originally been filed there." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015) (citing 28 U.S.C. § 1441(a)). Removal statutes "are to be strictly construed, with all doubts to be resolved in favor

5

of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). As the party invoking federal subject matter jurisdiction, the removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *accord Samuel–Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, "even where a claim finds its origins in state rather than federal law," there exists a "'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). Such "embedded" federal jurisdiction over a state law claim will lie if four factors, known as the "*Gunn* factors" are satisfied—namely, if the federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* Here, defendants do not argue that federal law created plaintiff's NJLAD claims; instead, they contend that plaintiff's NJLAD claims give rise to federal jurisdiction because they require resolution of a substantial federal issue. (*See* Opp. Br. at 7-8.) Accordingly, the Court must apply the *Gunn* factors.

Unsurprisingly, the first two factors are established here. Plaintiff's case raises a federal issue because the "standards for both a *prima facie* case and the interactive process are virtually

identical" under the NJLAD and federal law. *Smith v. Burlington Cnty. of New Jersey*, 2004 WL 1932850, at *5 (D.N.J. July 27, 2004) (Irenas, J.). To prevail, plaintiff must show that defendants failed to engage in the interactive process set forth in 29 C.F.R. § 1630.02(o)(3), which "will necessarily require application of [federal] law to the facts of [her] case."[2] *Gunn*, 568 U.S. at 259. Relatedly, defendants have consistently denied plaintiff's interactive process allegations. (*See* D.E. 2-55, Answer ¶¶ 27-28; *see also* D.E. 2-34, MSJ Mov. Br. at 6-7 (arguing that defendants "complied with [their] obligation to participate in the interactive process").) As the required interactive process is derived from a federal regulation, it follows that a federal issue is being "actually disputed."

However, the case fails at the third step of the inquiry—substantiality—which examines "the importance of the issue to the federal system as a whole," as opposed to its significance to the parties in the immediate lawsuit. *Gunn*, 568 U.S. at 260. The Supreme Court has explored the substantiality requirement at length. In *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), for example, the plaintiff filed a quiet title action in state court arguing that the IRS had not given it adequate notice of a tax sale in violation of a federal tax statute. The entity that purchased the property at the tax sale removed the case to federal court on grounds that the title claim depended on interpretation of the federal tax statute. In finding that the substantiality requirement was satisfied, the Supreme Court observed that whether the

---

[2] In their reconsideration brief, defendants rely heavily on *Taylor v. Phoenixville School District*, 184 F.3d 296 (3d Cir. 1999), which is distinguishable from the present case in one key respect: the plaintiff there brought reasonable accommodation claims under *both* state *and* federal law. Although *Taylor* aptly demonstrates what the Court has already concluded—that the interactive process is a necessary component of a failure to accommodate claim under state and federal law, *see id.* at 317 (describing employer's "duty to engage in the interactive process")—the issue before the Third Circuit was *not,* as it is here*,* whether a state law reasonable accommodation claim requires resolution of a substantial federal issue.

7

plaintiff received adequate notice under the federal statute was "the only . . . issue contested in the case." *Id.* at 315.  It then reasoned that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court," given the government's "strong interest in the prompt and certain collection of delinquent taxes." *Id.* (internal citations and quotations omitted).  Accordingly, the federal government had "a direct interest in the availability of a federal forum to vindicate its own administrative action," which met the threshold for substantiality.  *Id.*

But eight years later, the Supreme Court in *Gunn* concluded that a malpractice action challenging how the plaintiff's attorney litigated an underlying patent infringement claim did not arise under federal law.  The Court held that the patent claim *per se* "carrie[d] no such significance" as the federal issue had in *Grable*, even though a state court would be applying federal patent law in adjudicating the malpractice claim.  568 U.S. at 261-62.

Applying the above, the federal issue plaintiff raises does not carry the significance required for a federal forum.  The first amended complaint asserts three causes of action under the NJLAD, only one of which (count 2, failure to accommodate) requires the deciding court to apply federal law.  As to that count, the parties do not challenge the federal law's validity, nor call into question the conduct of federal actors.  *See MHA*, 629 F. App'x at 414 (rejecting argument that federal court could exercise subject matter jurisdiction based on "embedded" federal jurisdiction, reasoning that lawsuit did not "call into question the validity of a federal statute or the conduct of a federal actor").  Instead, at its core, this case is "fact-bound and situation-specific," and the deciding court need only apply 29 C.F.R. § 1630.02(o)(3) to the facts before it.  *Empire Healthchoice Assur., Inc.*, 547 U.S. at 681.  That is precisely what the state court had to do in denying defendants' motion for summary judgment:  address the parties'

8

competing arguments regarding the viability of plaintiff's reasonable accommodation claim, including plaintiff's contention that defendants failed to engage in the interactive process as required by federal law.  (*Compare* MSJ Mov. Br. at 6-7 *with* D.E. 2-41, MSJ Opp. Br. at 20-26.) Importantly, the state court did not buck the trend when it addressed 29 C.F.R. § 1630.02(o)(3); in fact, state courts routinely apply federal law to the facts of NJLAD reasonable accommodation claims.  *See Richter v. Oakland Bd. of Educ.*, 459 N.J. Super. 400, 419-20 (App. Div. 2019), *aff'd as modified*, 246 N.J. 507 (June 15, 2021) (affirming denial of plaintiff's cross-motion for summary judgment on NJLAD reasonable accommodation claim and citing interactive process requirement set forth in 29 C.F.R. § 1630.02(o)(3)); *see also Tynan v. Vicinage 13 of Superior Ct.*, 351 N.J. Super. 385, 400-01 (App. Div. 2002) (reversing summary judgment in favor of defendants on NJLAD reasonable accommodation claim and citing 29 C.F.R. § 1630.02(o)(3) for proposition that "the employer must initiate an informal interactive process with the employee").

The Third Circuit has aptly recognized that if state courts weren't "plainly competent to apply [federal law] to state law claims[,] . . . the extremely rare exception discussed in [*Grable* and its progeny] would swallow up the general rule." *MHA*, 629 F. App'x at 414.  The exception would become the rule here if the Court were to exercise jurisdiction over plaintiff's NJLAD claims simply because a federal "regulatory scheme needs to be consulted to resolve a dispute." *Id.* at 415, n. 7.  Accordingly, a state court is the appropriate forum to adjudicate this case and plaintiff's motion will be granted.[3]

---

[3] Indeed, state courts *have* been overseeing this matter since its inception over four years ago.

## V.     Conclusion

Plaintiff's motion to remand is granted, and the conclusions of the report and recommendation are adopted for the reasons stated herein.  An appropriate order will issue.


Date: March 8, 2023                                              /s/ Katharine S. Hayden
                                                                 Katharine S. Hayden, U.S.D.J.